# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| **DEBORAH VEACH, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 25-05008-CV-SW-WBG** |
| | ) | |
| **JEFFREY S. NICE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

On April 4, 2025, the Court entered its Scheduling and Trial Order. Doc. 23. Relevant to the pending motion, the Order set November 5, 2025 as Defendants' deadline to designate expert witnesses. *Id*. at 1-3. On October 21, 2025, Plaintiffs filed a notice of its intent to serve a subpoena duces tecum on Defendants' expert, Dr. Donald deGrange, to produce documents and appear for a deposition on November 25, 2025. Doc. 58. On October 28, 2025, Plaintiffs filed a return of service reflecting Dr. deGrange was served with the subpoena on October 22, 2025. Doc. 61-1.

On the afternoon of November 21, 2025, Defendants filed a Motion to Quash Plaintiff's Subpoena Duces Tecum to Defendants' Expert Dr. Donald deGrange and for Protective Order. Doc. 64. The motion also requested the November 25, 2025 deposition of Dr. deGrange be deferred until the Court issued a ruling on the motion. *Id*. at 8. Defendants' counsel certified to the Court that he "conferred with Plaintiffs['] counsel in an effort to resolve the dispute without court action." *Id*.

After filing the motion to quash, Defendants' counsel contacted the Court and requested a hearing. In response, the undersigned's courtroom deputy asked counsel if the parties had met and

conferred as required by Local Rule 37.1. Defendants' counsel reported "[t]he parties spoke on the phone this morning to discuss."

On November 24, 2025, the Court issued an Order. Doc. 65. The Court expressed it was troubled with Defendants waiting a month after receiving the subpoena and two business days before the scheduled deposition to meet and confer with Plaintiffs' counsel and file a motion to quash. *Id*. at 2. The Court was also disappointed with the parties being unable to resolve the dispute or agree to move the deposition to allow them an opportunity to further meet and confer and/or involve the Court. *Id*. The Court noted Defendants failed to comply with Local Rule 37.1 because they did not contact the Court to schedule a teleconference before filing their motion. *Id*. This alone would typically result in a denial of the motion. *Id*.; *see also Rey v. Gen. Motors LLC*, No. 4:19-cv-00714-DGK, 2021 WL 1407958, at *3 (W.D. Mo. Apr. 14, 2021) (citations omitted).

Because Defendants' counsel certified the parties unsuccessfully met and conferred about the dispute and given the nature of the dispute, the Court chose to dispense with the teleconference requirement and directed Plaintiffs to file suggestions in opposition to the motion by December 1, 2025. Doc. 65 at 2-3. The Court also invited Defendants, if they desired, to file reply suggestions by December 3, 2025. *Id*. at 3. The Court also stayed the deposition of Dr. deGrange. *Id*.

On December 1, 2025, Plaintiffs filed their suggestions in opposition to Defendants' motion. Doc. 66. Therein, Plaintiffs' counsel informs the Court that on the same afternoon the motion to quash was filed, Defendants' counsel asked Plaintiffs' counsel to cancel the deposition and withdraw the subpoena duces tecum. *Id*. at 7. Defendants' counsel "did not ask to move the deposition to another date or make any attempt to disclose or discuss Defendants' objections to the scope of the subpoena under L.R. 37.1(a)(1)." *Id*. at 7-8. As such, "Plaintiffs' counsel was not aware of any specific objections to the subpoena until Defense counsel filed its Motion to

2

Quash . . . ." *Id*. at 8. Plaintiffs' counsel reported "he is currently attempting to schedule a meet and confer with Defense counsel as ordered by the Court." *Id*. at 2.

Defendants were permitted to file a reply in further support of their motion to quash. Defendants did not file a reply, and the deadline to do so has passed. *See* Doc. 65 at 3.

Pursuant to Local Rule 37.1, a discovery motion shall not be filed until "[a]n attorney for the prospective moving party has, in good faith, conferred or attempted to confer by telephone or in person with opposing counsel." L.R. 37.1(a)(1); *see also* Doc. 23 at 2. "The attorney must do more than merely write a demand letter." L.R. 37.1(a)(1). When parties meet and confer, the issues become "narrower and clearer," which "save[s] the Court's and the parties' time and resources." *Strickland v. Kan. City, Mo. Bd. of Police Comm'rs*, No. 4:23-cv-00313-DGK, 2023 WL 11898279, at * 2 (W.D. Mo. Nov. 13, 2023); *see also Healthmate Int'l, LLC v. French*, No. 15-00761-CV-W-BP, 2017 WL 11681766, at *2 n.1 (W.D. Mo. Feb. 6, 2017) (observing adherence to Local Rule 37.1 allows the parties and the Court to more quickly resolve discovery disputes than briefing of the issues).

While Defendants' counsel certified he "conferred with Plaintiffs['] counsel . . . to resolve the dispute," it appears his conferral was minimal, at best. A request to cancel a deposition and withdraw a subpoena is not a good faith attempt to meet and confer about a discovery dispute. *See e.g.*, *Martin v. Galla*, No. 22-05007-CV-SW-DPR, 2023 WL 7544993, at *1 (W.D. Mo. Nov. 13, 2023) (noting an email does not satisfy the meet and confer requirement); *Adams v. City of Kan. City*, No. 19-CV-00093-W-WBG, 2022 WL 210385, at *9 (W.D. Mo. Jan. 24, 2022) (sending a letter inquiring about an issue does not satisfy the meet and confer requirement). Accordingly, the Court **DENIES WITHOUT PREJUDICE** Defendants' motion to quash.

3

If Defendants maintain their dispute with Plaintiffs' subpoena, Defendants' counsel in good faith shall meet and confer with Plaintiffs' counsel. If the parties are unable to resolve the dispute, in whole or in part, after meeting and conferring in good faith, Defendants' counsel shall contact the undersigned's Chambers to schedule a teleconference.

The parties are reminded that all discovery disputes must be raised with the Court by January 27, 2026, and all discovery must be completed by no later than February 10, 2026. Doc. 23 at 1-2. Also, as explained in the Scheduling and Trial Order, the Court is unlikely to grant requests for additional time to complete discovery, absent extraordinary circumstances, because the Court granted the parties' request for more than 350 days to complete discovery. *Id*. at 2 n.1.

**IT IS SO ORDERED.**

DATE: December 5, 2025                 ___*/s/ W. Brian Gaddy*_____
                                         W. BRIAN GADDY
                                         UNITED STATES MAGISTRATE JUDGE